IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**MICHAEL HAMBRICK and**
**CHERYL HAMBRICK, his wife,**

          Plaintiffs,

v.                                                      CIVIL ACTION NO. 5:12-9767

**LOWE'S HOME CENTERS, INC.,**
**a North Carolina corporation,**

          Defendant.

## COMPLAINT

For their Complaint against the defendant, the plaintiffs state and allege as follows:

### Parties

1. The plaintiffs, Michael Hambrick and Cheryl Hambrick, his wife, are residents and citizens of Clintonville, Greenbrier County, West Virginia.

2. The defendant, Lowe's Home Centers, Inc., ("Lowe's") is a corporation organized and existing under the laws of North Carolina with its principal place of business in Wilkesboro, Wilkes County, North Carolina.  Lowe's is and at all relevant times was, authorized to and engaged in the business of providing building and construction supplies to individual and business entities throughout West Virginia and including its Lewisburg business location in Greenbrier County, West Virginia.  At all times relevant, Lowe's employed workers and did business throughout the state of West Virginia and was subject to the jurisdiction of the Occupational Health and Safety Administration ("OSHA"), the National Institute of Occupational Safety and Health ("NIOSH"), and was responsible for compliance with all applicable OSHA/NIOSH regulations, in addition to consensus safety standards in its industry.

3. At all times relevant the plaintiff was employed by Lowe's as a plumbing department manager.

## Jurisdiction and Venue

4. Jurisdiction is appropriate in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1332 inasmuch as this action involves citizens of different States and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).  Venue is appropriate in the United States District Court for the Southern District of West Virginia, at Beckley, inasmuch as the material events occurred near Lewisburg, Greenbrier County, West Virginia.

## Facts

5. On January 3, 2011, defendant ordered the plaintiff to leave the plumbing department and work in a completely separate receiving department under the direct supervision of receiving manager Ernie Booth.

6. On January 3, 2011, defendant's receiving department manager Ernie Booth exercised direct control over the plaintiff and his co-workers at defendant's Lewisburg facility and directed their daily work tasks in the receiving department.

7. During the receiving process, Mr. Booth required plaintiff and his co-workers to assist him in the unloading of boxes from arriving Lowe's tractor trailers using a forklift and a non-mechanical conveyor system.

8. At all relevant times herein, Mr. Booth served as both the receiving department manager and the receiving department's forklift operator.

9. On January 3, 2011, Mr. Booth would enter the bed of the trailer using a Lowe's forklift and remove boxes from the trailer. During the forklift removal process, Mr. Booth would take a lift of boxes using the forklift and remove them from the trailer by crossing an exit ramp onto the receiving deck platform. After defendant's supervisor Ernie Booth would make a lift using the forklift, boxes would become dislodged due to the loss of support taken by Mr. Booth's lifts and the boxes would fall to the trailer's bed. In addition, as Mr. Booth would exit the trailer itself and onto the receiving deck, boxes would become dislodged from the movement caused by Mr. Booth's operation of the forklift and fall to the trailer bed. Mr. Booth's actions, in removing the materials and exiting the trailer, repeatedly caused boxes and other products to fall.

10. As loose boxes and product would fall to the trailer bed, Mr. Booth would order plaintiff and his co-workers to quickly retrieve the loose boxes and product from the trailer bed and remove the product by using the conveyor system or by hand so that the forklift could maneuver back into position for the next lift.

11. On January 3, 2011, Mr. Booth had performed a lift causing numerous boxes to fall to the trailer bed floor. Mr. Booth ordered plaintiff and his co-workers to perform the unsafe work of removing the loose boxes and product from the trailer bed while in the zone of danger of the forklift. As plaintiff was removing the boxes from the trailer bed floor, Mr. Booth was in the process of exiting the trailer across the trailer ramp. In moving the forklift over the ramp, the forklift's movement caused a large attic stair box weighing approximately three hundred pounds to become dislodged and fall onto plaintiff's back.

12. By instructing the plaintiff and his co-workers to remove loose boxes from the floor of the trailer using this process, Lowe's repeatedly assigned plaintiff to work in the zone of danger knowingly exposing him to high risk of serious injury from being crushed by heavy

materials which were unsupported by materials that supervisor Booth had previously used the forklift to remove.

   13.  Defendant failed to comply with State and Federal statutes and regulations and commonly accepted industry practices including, but not limited to, (a) failure to keep the plaintiff and his co-workers outside the zone of danger during the forklift loading/unloading process; (b) failure to adequately secure the boxes and other product loaded into the Lowe's trailer; (c) failure to perform a job safety analysis/pre-shift inspection and/or any other site specific inspection to identify and remedy possible workplace safety hazards associated with the subject task; (d) failure to take appropriate steps to protect the plaintiff from injury and to otherwise assure his safety when working in and around the subject forklift by implementing, among other things, a proper unloading procedure during the forklift removal process; and (e) failure to provide adequate supervision, assistance or oversight of the subject assignment.

   14.  Upon information and belief, as a direct and proximate result of actions, omissions and conduct of the defendant, on or about January 3, 2011, the plaintiff suffered severe and permanently disabling injuries and loss, including the following damages:

    a.  extreme physical pain and suffering;

    b.  extreme mental anguish and suffering;

    c.  permanent physical impairment;

    d.  loss of wages and benefits;

    e.  loss of future earning capacity and benefits;

    f.  loss of capacity to enjoy life;

    g.  medical expenses past and future;

    h.  annoyance and inconvenience; and

      i.      severe and permanent scarring and disfigurement.

## COUNT I

## **DELIBERATE INTENT**

15. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 14 of this Complaint as if set forth herein verbatim.

16. On or about January 3, 2011, the defendant violated *West Virginia Code Section 23-4-2(d)(2),* in that they intentionally required plaintiff to work in illegal and unsafe conditions as described above in violation of mandatory state and federal workplace safety regulations and wood industry regulations.

17. On or about January 3, 2011, the defendant violated *West Virginia Code Section 23-4-2(d)(2)(i),* in that they consciously, subjectively, and deliberately formed the intention to produce the specific result of the injuries suffered by the plaintiff.

18. On or about January 3, 2011, the defendant violated *West Virginia Code Section 23-4-2(d)(2)(ii),* in that:

> (A) A specific unsafe working condition existed in the plaintiff's work environment which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) The defendant, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the defendant's industry, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved,

as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, the defendant nevertheless intentionally thereafter exposed the plaintiff to the specific unsafe working condition; and

(E) The plaintiff suffered serious compensable injury as defined in section one, article four, chapter twenty-three of the West Virginia Code as a direct and proximate result of the specific unsafe working condition.

19. As a direct and proximate result of the defendant's actions and conduct on or about January 3, 2011, the plaintiff sustained the severe permanent injuries and damages described herein.

## COUNT II

### LOSS OF CONSORTIUM

20. The plaintiffs repeat and incorporate here by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if set forth herein verbatim.

21. As a further direct and proximate result of the conduct and actions of the defendant as described herein, the plaintiff, Cheryl Hambrick, wife of Michael Hambrick, has been deprived of the society, companionship, and consortium of her husband, Michael Hambrick.

WHEREFORE, the plaintiffs respectfully demand judgment for compensatory damages against the defendant in an amount to be determined by a jury, with additional amounts for costs, attorney fees, costs associated with the prosecution of this cause, pre-judgment and post-judgment interest to the full extent permitted under law, and for any other relief the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

                            **MICHAEL HAMBRICK and**
                            <u>**CHERYL HAMBRICK, his wife**</u>
                            By Counsel

 */s/ Dan R. Snuffer*
Brett J. Preston (WVSB # 5726)
C. Benjamin Salango (WVSB # 7790)
Dan R. Snuffer (WVSB # 9777)
**PRESTON & SALANGO, P.L.L.C.**
108 ½ Capitol Street, Suite 300
Post Office Box 3084
Charleston, WV 25331

and

J. Kristofer Cormany (WVSB # 7665)
**Cormany Law, P.L.L.C.**
108 ½ Capitol Street, Suite 202
Post Office Box 11827
Charleston, West Virginia  25331
*Counsel for Plaintiffs*